**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  06-cv-01778-WDM-MJW

TRUSTEES OF THE CARPENTERS' AND MILLWRIGHTS' HEALTH BENEFIT TRUST FUND,
TRUSTEES OF THE CENTENNIAL STATE CARPENTERS' PENSION TRUST FUND ANNUITY PLAN,
TRUSTEES OF THE CENTENNIAL STATE CARPENTERS' PENSION TRUST FUND,
TRUSTEES OF THE COLORADO CARPENTERS' AND MILLWRIGHTS' VACATION TRUST FUND, and
TRUSTEES OF THE COLORADO CARPENTERS' JOINT APPRENTICESHIP TRUST FUND,

Plaintiffs,

v.

WILLIAM R. MONTGOMERY & ASSOCIATES, INC., a/k/a WM. R. MONTGOMERY & ASSOCIATES, INC., a Missouri corporation,

Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment.  A hearing was held and following review of the pleadings and documents of record I hereby FIND and CONCLUDE:

**A.   Procedural History**

1.   On September 7, 2006, Plaintiffs, the Trustees of the Carpenters' and Millwrights' Health Benefit Trust Fund, the Trustees of the Centennial State Carpenters' Pension Trust Fund Annuity Plan, the Trustees of the Centennial State Carpenters' Pension Trust Fund, the Trustees of the Colorado Carpenters' and Millwrights' Vacation Trust Fund, and the Trustees of the Colorado Carpenters' Joint Apprenticeship Trust Fund (collectively the "Trustees"), filed their

Complaint against Defendant William R. Montgomery & Associates, Inc. a/k/a Wm. R. Montgomery & Associates, Inc. ("Montgomery & Associates").

2. This Court has exclusive jurisdiction over the Trustees' claims pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 502(e) of ERISA, 29 U.S.C. § 1132(e), and 28 U.S.C. §§ 1331 and 1337.

3. The registered agent for Montgomery & Associates was served with a copy of the Summons and Complaint on September 8, 2006. The original return of service was filed with the Court on September 22, 2006.

4. The deadline for Montgomery & Associates' response to the Complaint was September 28, 2006.

5. Montgomery & Associates failed to answer or otherwise respond to the Complaint.

6. On October 4, 2006, the Clerk of Court entered default against Montgomery & Associates pursuant to Fed. R. Civ. P. 55(a).

**B.     Factual Background**

7. Montgomery & Associates is signatory to a collective bargaining agreement (the "International Agreement") with the United Brotherhood of Carpenters and Joiners of America (the "International Union"). Affidavit of Michael Malecki ("Malecki Aff.") at ¶¶ 7-9.

8. By executing the International Agreement, Montgomery & Associates agreed to comply with the contractual wage and fringe benefit payment requirements, and other working condition requirements established between affiliates of the International Union and the employers in the localities in which Montgomery & Associates does any work within the

2

jurisdiction of the International Union, and to pay pension and health and welfare contributions as required by the applicable collective bargaining agreement for that locality. *Id*. at ¶¶ 8-9.

9. From December 2005 through May 2006, Montgomery & Associates employed millwrights for the performance of work within the jurisdiction of the International Union on a project in Windsor, Colorado. *Id*. at ¶¶ 10-11.

10. The Millwrights Local Union No. 2834 ("Union") is the Colorado millwrights' affiliate of the International Union, and the applicable local collective bargaining agreement is the 2005-2008 Millwright Independent Contractor Agreement (the "Colorado CBA" or "CBA"). *Id*. at ¶¶ 12-13.

11. The Colorado CBA requires Montgomery & Associates to pay its employees weekly wages based on the hourly wage rates set forth in the Colorado CBA and to pay certain fringe benefit contributions to the Carpenters' and Millwrights' Health Benefit Trust Fund, the Centennial State Carpenters' Pension Trust Fund Annuity Plan, the Centennial State Carpenters' Pension Trust Fund, the Colorado Carpenters' and Millwrights' Vacation Trust Fund, and the Colorado Carpenters' Joint Apprenticeship Trust Fund (collectively "Trust Funds") for each hour worked by each of Montgomery & Associates' employees who performed work of the type covered by the Colorado CBA, without regard to whether the employees were members of the Union. *Id*. at ¶ 16; Affidavit of Sandra G. Brown ("Brown Aff.") at ¶ 9.

12. The Colorado CBA incorporates by reference the terms and conditions of the applicable Trust Agreements. Malecki Aff. at ¶ 15.

### C. Unpaid Fringe Benefit Contributions

13. The Trust Agreements require Montgomery & Associates to submit a report to the Trustees, setting forth the names and social security numbers of all employees of Montgomery & Associates who performed covered employment in Colorado during the preceding month, the number of hours of covered employment performed by all employees, and the amount of fringe benefit contributions due to the Trustees as a result of such employment no later than the twentieth day of each month. Brown Aff. at ¶ 10.

14. The Trust Agreements also require Montgomery & Associates to submit payment to the Trustees for all of the fringe benefit contributions due with each monthly report. *Id*. at ¶ 11.

15. Montgomery & Associates failed to properly submit monthly payments of fringe benefit contributions for the time period from March 2006 through May 2006. *Id*. at ¶ 13.

16. Montgomery & Associates owes the Trustees $38,429.63 for unpaid fringe benefit contributions for the time period from March 2006 through May 2006. *Id*. at ¶ 14.

17. The Trust Agreements permit the Trustees to audit Montgomery & Associates' books and records to confirm the total amount of fringe benefit contributions due and owing. *Id*. at ¶ 21.

### D. Interest

18. Pursuant to the Trust Agreements, Montgomery & Associates shall pay interest on all unpaid contributions at the rate of 14% per annum from the date of delinquency until the date of payment. *Id*. at ¶ 15.

19.   Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(C), also allows the Trustees to recover interest on the unpaid fringe benefit contributions at the rate provided for in the Trust Agreements.

20.   Montgomery & Associates failed to timely and accurately submit monthly reports and fringe benefit contributions for the time period from March 2006 through May 2006; therefore, Montgomery & Associates owes the Trustees the total amount of $2,402.22 for interest on the fringe benefit contributions calculated at the rate of 14% per annum through October 16, 2006.  *Id*. at ¶¶ 14, 16.  Further interest from October 16, 2006, to the hearing date of February 16, 2007, is owed for total interest of $4,215.24.

**E.    Liquidated Damages**

21.   Pursuant to the Trust Agreements, Montgomery & Associates shall pay liquidated damages, computed as to each of the Trust Funds except the Colorado Carpenters' Joint Apprenticeship Trust Fund, in the amount of $10.00 or 10% of the contributions due, whichever is greater, if Montgomery & Associates fails to accurately and timely submit any monthly report.  *Id*. at ¶ 17.

22.   Pursuant to the Trust Agreement for the Colorado Carpenters' Joint Apprenticeship Trust Fund, Montgomery & Associates shall pay liquidated damages, computed as to the Colorado Carpenters' Joint Apprenticeship Trust Fund, in the amount of $25.00 or 10% of the contributions due, whichever is greater, if Montgomery & Associates fails to timely and accurately submit any monthly report.  *Id*. at ¶ 18.

23.   Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), also allows the Trustees to recover liquidated damages on the unpaid fringe benefit contributions at the rate

5

provided for in the Trust Agreements.

24.     Montgomery & Associates failed to timely and accurately submit monthly reports and fringe benefit contributions for the time period from March 2006 through May 2006; therefore, Montgomery & Associates owes the Trustees the total amount of $3,763.89 for liquidated damages. *Id*. at ¶¶ 14,19.

**F.     Attorneys' Fees and Costs**

25.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Trustees are entitled to an award of their reasonable attorneys' fees and costs. Section 502(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant. . . .

26.     Additionally, pursuant to the Trust Agreements, Montgomery & Associates is liable for all expenses of collection of any amounts due, including, but not limited to, audit costs, court costs, and reasonable attorneys' fees. *Id*. at ¶ 20.

27.     Four attorneys and one paralegal have spent a total of 39.08 hours in prosecution of this matter. The Trustees incurred attorneys' fees totaling $4,424.33. Affidavit of Cynthia A. Coleman ("Coleman Aff.") at ¶¶ 7-8.

28.     Attorneys' fees of $4,424.33 are reasonable in view of the time expended, the average hourly rate of $113.00 and the nature of the claims asserted. *See* Affidavit of Robert R. Miller ("Miller Aff.") at ¶ 8.

29.     The Trustees also incurred costs in the amount of $432.45. Coleman Aff. at ¶ 9.

30.     Therefore, the Trustees are entitled to recover their attorneys' fees and costs in

the total amount of $4,856.78. *Id*. at ¶ 10.

Accordingly, this Court, having reviewed the pleadings and documents of record, hereby ORDERS:

    1.    Plaintiffs' Motion for Default Judgment is GRANTED.

    2.    Judgment shall enter in favor of the Trustees and against Montgomery & Associates for the following amounts:

        a.    $38,429.63 for fringe benefit contributions;

        b.    $4,215.24 for interest on the fringe benefit contributions;

        c.    $3,763.89 for liquidated damages; and

        d.    $4,856.78 for their reasonable attorneys' fees and costs;

    3.    The Trustees are entitled to post-judgment interest on the above amounts.

DATED at Denver, Colorado, on February 16, 2007.

                                            BY THE COURT:

                                            s/ Walker D. Miller
                                            United States District Judge